PER CURIAM.
This matter is before the Court on respondent’s Petition for Leave to Resign Without Leave to Reapply, pursuant to ar-tide XI, Rule 11.08 of the Integration Rule of The Florida Bar.
The Petition states as follows:
1. [Respondent] was admitted to practice law in the State of Florida on November 23, 1964. [Respondent] is currently residing in Florida.
2. [Respondent] was suspended from the practice of law by order of the Supreme Court of Florida on November 10, 1983. [Respondent] was suspended for a period of 180 days, effective December 12, 1983 with reinstatement contingent upon proof of rehabilitation, and placed on probation for a period of four years following suspension and reinstatement.
3. In or about May, 1982, Annette Obelitz retained [respondent] to represent her in the purchase of a mobile home.
4. [Respondent] witnessed the signing of an Agreement for Title which Ms. Obelitz and the seller executed on or about May 28, 1982.
5. Problems arose in the financing of the purchase of the mobile home and a second Agreement for Title was entered into on or about September 20, 1982.
6. By letter dated August 10, 1983, Ms. Obelitz requested [respondent] to accomplish the transfer of title by mail.
7. By letter dated August 18, 1983, [respondent] requested Ms. Obelitz to send him a cashier’s check in the amount of $16,646.14, payable to “Herb Blessing Trust Account.” The purpose of these funds was to arrange the pay off on the mobile home and transfer of title.
8. [Respondent] charged a fee of $150.00 for his services.
9. On or about September 8, 1983, cashier’s Check No. 188761 was issued by First National Bank of Florida, in the amount of $16,646.14, payable to Herb Blessing, Attorney at Law.
10. By letter dated September 9, 1983, Ms. Obelitz forwarded to [respondent] his fee of $150.00, by check, and a separate check of $49.23 for per diem interest.
*420 11. [Respondent] received the cashier’s check referenced in paragraph nine (9) above.
12. [Respondent] did not deposit the per diem interest check reference in paragraph ten (10), above, into his trust account.
13. By letter dated September 28, 1983, [respondent] advised Ms. Obelitz that all documents necessary to transfer title to the mobile home had been obtained by him and forwarded to the Division of Motor Vehicles for issuance of a new title certificate. [Respondent] also requested Ms. Obelitz to send a check in the amount of $1,250.00 payable to Sam Cornwell, Tax Collector, as payment for sales tax on the mobile home purchase.
14. On or about September 28, 1983, [respondent] had not obtained all documents necessary to transfer title to the mobile home.
15. On or about November 6, 1983, Ms. Obelitz sent [respondent] her check for $1,250.00 as payment of sales tax.
16. [Respondent] did not forward the sales tax payment to the tax collector.
17. On or about December of 1983, [respondent] forwarded $6,000.00 of the $16,646.14 to Coast Federal Savings of Sarasota, which held the mortgage on the mobile home.
18. [Respondent] has made no other payments to Coast Federal Savings or any other person or entity, in reference to the mobile home purchase.
19. [Respondent] has failed to account to Ms. Obelitz and/or her estate for the balance of funds entrusted to him by Ms. Obelitz.
20. [Respondent] freely and voluntarily submits this Petition to Resign without Leave to Reapply, and he states there was no intent on his part to injure anyone or to cause anyone to suffer any loss.
The Florida Bar does not oppose this petition and the Court having reviewed the petition and determined that the requirements of Rule 11.08(3) are fully satisfied, the Petition for Leave to Resign Without Leave to Reapply is hereby approved effective immediately.
It is so ordered.
MCDONALD, C.J., and ADKINS, BOYD, OVERTON, EHRLICH, SHAW and BARRETT, JJ., concur.